NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3816

———————

FRANCISCO JAVIER CABRERA-COLUNGA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.  A205-135-135)
Immigration Judge:  Rosalind K. Malloy

———————————————————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 9, 2018

Before: SHWARTZ, NYGAARD, and RENDELL, *Circuit Judges*

(Opinion filed:  August 20, 2018)

———————

OPINION*

———————

NYGAARD, *Circuit Judge.*

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Francisco Cabrera-Colunga petitions us to review the Board of Immigration Appeals' decision to affirm the Immigration Judge's order that denied his application for withholding of removal, 8 U.S.C. § 1231(b)(3), and protection from removal under the regulations implementing the Convention Against Torture, 8 C.F.R. § 208.17.[1] We will deny the petition.[2]

Withholding of removal is mandatory if "the Attorney General decides that the alien's life or freedom would be threatened" because of a protected ground. § 1231(b)(3)(A). An alien must "establish a 'clear probability of persecution,' i.e., that it is more likely than not, that s/he would suffer persecution upon returning home." *Valdiviezo-Galdamez v. Attorney General of the United States*, 663 F.3d at 582, 591 (3d Cir. 2011) (citing *Immigration and Naturalization Service v. Stevic*, 467 U.S. 407, 429-30 (1984)). Cabrera-Colunga, a native of Mexico, asserts it is more likely than not that he will be forced to choose between two horrible alternatives if returned to Mexico: life in a gang or suffer violence from a gang. He left one gang while still an adolescent to join the military. Another gang (the Zetas) did not exist until after Cabrera-Colunga was in the

---

[1] The Board also affirmed the Immigration Judge's denial of his application for asylum, but Cabrera-Colunga does not petition us to review that decision.

[2] We have jurisdiction to review the decision of the BIA under 8 U.S.C. § 1252(a). "Because the BIA issued its own opinion, and did not simply adopt the opinion of the IJ, we review only the BIA's decision as the final agency decision. However, to the extent the BIA deferred to or adopted the IJ's reasoning, we also look to and consider the decision of the IJ on those points." *Nelson v. Attorney General of United States*, 685 F.3d 318, 320–21 (3d Cir. 2012) (citations omitted). We review for substantial evidence, meaning that we will not grant a petition for review "unless any reasonable adjudicator would be compelled to conclude to the contrary" of the agency's findings. 8 U.S.C. § 1252(b)(4)(B).

2

United States. But he says the Zetas are known to seek out former military persons and coerce them to join.[3] He is convinced both gangs will more likely than not pursue him if he returns to Mexico and harm him and his family when he refuses to join. The evidence, however, does not compel this conclusion.

He testified only that a gang leader approached him and his family on different occasions after he left the gang, making general threats of retribution against him. But we see no evidence that, during his service in the military or afterward, he or his family were harmed in any way by any member of the gang. Threats of the sort he described do not, alone, constitute harm for purposes of his claim. We also note he says he entered the United States to be with the woman he eventually married. He does not say he was fleeing the gang. This body of evidence is not enough on its face to compel a ruling that he faces a clear probability of persecution from the gang he left.

The Zetas gang did not exist when Cabrera-Colunga lived in Mexico. He says that friends who, like him, had served in the military approached family members on different occasions to ask where he was after he left for the United States. He believes these individuals joined the Zetas and that their inquiries were intended to get him to join the gang. But his argument in support of withholding of removal requires us to interpret these inquiries as gang-related with no basis in the record to do so beyond his conjecture. There is no evidence that these alleged contacts had anything to do with the Zetas, nor do

---

[3] He says his training as a sniper and with bombs are desirable skills for the Zetas.

such inquiries, alone, rise to the level of persecution. Cabrera-Colunga's conclusory testimony on this is not enough.

Cabrera-Colunga maintains that the country report and numerous articles on gang and criminal violence in Mexico that he offered for consideration do make his evidence compelling. Some of these materials specifically reference the Zetas. He says they show that Government and law enforcement acquiesce to the presence of gangs and criminal organizations and turn a blind eye to the harm they inflict on anyone who is perceived as "anti-gang" if they, like him, refuse to join. But his general reference to this part of the record does nothing to compel a conclusion that it is more likely than not he will be harmed by either gang.[4] The Board thus did not err by holding that Cabrera-Colunga did not carry his burden of proof for withholding of removal.

His claim for relief under the Convention Against Torture encounters the same problems. Cabrera-Colunga asserts that the Board ignored the Immigration Judge's failure to follow required analytic steps when deciding his request for CAT relief. *See Myrie v. Attorney General of the United States*, 855 F.3d 509, 516 (3d Cir. 2017). But the steps supposedly ignored by the Immigration Judge are required only if she first determined that he is likely to be harmed if removed. The steps were, therefore, unnecessary here. The Board did not err by affirming the Immigration Judge's

---

[4] Cabrera-Colunga argues he has established a clear probability of persecution on protected grounds because he is part of a distinct group (former member of the military with training that is useful to gangs) and because his refusal to participate in gangs will be imputed as a political opinion that makes him a target. The Board, however, did not take up these specific arguments. It, instead, ruled that Cabrera-Colunga did not establish an objectively reasonable fear on any ground. We conclude that the Board did not err.

4

conclusion that the record did not support a ruling that Cabrera-Colunga is likely to be harmed. As a result, CAT relief is not warranted.

For all of these reasons, we will deny the petition for review.